**SCHATZ, STEINBERG, & KLAYMAN**
By: Sean M. Fulmer, Esquire       **Attorney for Plaintiff**
Attorney I.D. No. 031572010
16000 Commerce Parkway
Suite B-1
Mt. Laurel, NJ 08054
(215) 845-0250

| | | |
|---|---|---|
| **ZEHOUR EL FERTAS** | : | **SUPERIOR COURT OF NEW JERSEY** |
| 137 Hampshire Road | : | **GLOUCESTER COUNTY** |
| Sicklerville, NJ 08061, | : | |
|          **Plaintiff** | : | **LAW DIVISION** |
| | : | |
|      **v.** | : | **DOCKET NO.** |
| | : | |
| **HAIR CUTTERY** | : | **CIVIL ACTION COMPLAINT** |
| 3501 Route 42N | : | |
| Turnersville, NJ 08012, | : | |
| | : | |
| **HC SALON HOLDINGS, INC., a/k/a** | : | |
| **HAIR CUTTERY FAMILY BRANDS** | : | |
| 1640 Boro Place, 4th Floor | : | |
| McLean, VA 22102, | : | |
| | : | |
| **REDKEN** | : | |
| 10 Hudson Yards, 28th Floor | : | |
| New York, NY 10001, | : | |
| | : | |
| **L'OREAL USA** | : | |
| 10 Hudson Yards, 347 10th Avenue | : | |
| New York, NY 10001, | : | |
| | : | |
| **OLAPLEX, LLC** | : | |
| 1187 Coast Village Road, STE 1-520 | : | |
| Santa Barbara, CA 93108, | : | |
| | : | |
| **JANE/JOHN DOE HAIR STYLIST #1-3,** | : | |
| | : | |
| **ABC, INC., #1-3,** | : | |
| | : | |
| **XYZ, LLC, #1-3,** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **XYZ, LLC. #4-6** | : | |
| | : | |

**Defendants    :**

Plaintiff, Zehour El Fertas, residing at the above-captioned addresses, by way of Complaint against Defendants, Hair Cuttery, HC Salon Holdings, Inc., also known as Hair Cuttery Family Brands, REDKEN, L'OREAL USA, OLAPLEX, LLC, JANE/JOHN DOE HAIR STYLIST #1-3, ABC, INC. #1-3, and XYZ, LLC, #1-3 say:

1.      Defendant, Hair Cuttery (hereafter "Hair Cuttery Defendants"), is a corporation or other business entity which exists, operates and does business under the laws of the State of New Jersey and maintains a principal place of business at the above-captioned address.

2.      Defendant, HC Salong Holdings, Inc., also known as Hair Cuttery Family Brands (hereafter "Hair Cuttery Defendants")., is a corporation or other business entity which exists, operates and does business under the laws of the State of New Jersey and maintains a principal place of business at the above-captioned address.

3.      Defendant, REDKEN, is a corporation or other business entity which exists, operates and does business under the laws of the State of New Jersey and maintains a principal place of business at the above-captioned address.

4.      Defendant, L'OREAL USA, is a corporation or other business entity which exists, operates and does business under the laws of the State of New Jersey and maintains a principal place of business at the above-captioned address.

5.      Defendant, Olaplex, LLC, is a corporation or other business entity which exists, operates and does business under the laws of the State of New Jersey and maintains a principal place of business at the above-captioned address.

6.      Defendant, Jane/John Doe #1-3 stylist, is a fictitious name designating the hair stylist applying the products to Plaintiff's head which is the subject of this Civil Action

Complaint.

7.      Defendant, ABC, Inc. #1-3, is a fictitious name designating the company employing the hair stylist designated as Jane/John Doe #1-3 stylist applying the products to Plaintiff's head which is the subject of this Civil Action Complaint.

8.      Defendant, XYZ, LLC. #1-3, is a fictitious name designating the company selling/providing/distributing the hair products applied by the hair stylist designated as Jane/John Doe #1-3 stylist to Plaintiff's head/scalp which is the subject of this Civil Action Complaint.

9.      Defendant, XYZ, LLC. #4-6, is a fictitious name designating the company manufacturing/designing/creating the hair products applied by the hair stylist designated as Jane/John Doe #1-3 stylist to Plaintiff's head/scalp which is the subject of this Civil Action Complaint.

10.      At all times material hereto, Defendants, REDKEN, L'OREAL USA, Olaplex, LLC, XYZ, LLC #4-6, designed, manufactured, distributed, and/or sold hair styling products such as bleaching, hair dye, and the application of Olaplex Bond Multiplier, REDKEN Pro-Oxide, and REDKEN Flash Lift.

11.      At all times material hereto, Hair Cuttery Defendants, ABC, Inc., #1-3, Jane/John Doe Stylist #1-3, performed hair styling services such as bleaching, hair dye, and the application of Olaplex Bond Multiplier, REDKEN Pro-Oxide, and REDKEN Flash Lift.

12.      On or about October 27, 2020, Plaintiff, Zehour EL Fertas, was a business invitee of Hair Cuttery Defendants' location known as 3501 Route 42 North, Turnersville, New Jersey when Jane/John #1-3 stylist applied hair styling products such as bleaching, hair dye, and the application of Olaplex Bond Multiplier, REDKEN Pro-Oxide, and REDKEN Flash Lift to Plaintiff's scalp causing injuries described herein.

13.     At all times material hereto, Defendant(s), Jane/John Doe Stylist #1-3 was the employee, agent, authorized representative, independent contractor and/or otherwise performing hair styling services on behalf of Hair Cuttery Defendants.

14.     At all times material hereto, Defendants, REDKEN, L'OREAL USA, Olaplex, LLC, XYZ, LLC #1-3, provided the products known as Olaplex Bond Multiplier, REDKEN Pro-Oxide, and REDKEN Flash Lift used by Jane/John Doe Stylist #1-3 acting on behalf of Hair Cuttery Defendants.

15.     At all times material hereto, Defendants knew or should have known that the dangerous and defective product known as Olaplex Bond Multiplier, REDKEN Pro-Oxide, and REDKEN Flash Lift and posed a serious risk of harm to persons such as Plaintiff.

16.     At all times material hereto, Plaintiff relied upon the fact that Defendants would provide a safe product known as Olaplex Bond Multiplier, REDKEN Pro-Oxide, and REDKEN Flash Lift, and the failure to do the same increased the risk of harm to Plaintiff.

17.     Alternatively, Jane/John Doe Stylist #1-3 failed to follow the directions/warnings and/or application of the product(s) known as Olaplex Bond Multiplier, REDKEN Pro-Oxide, and REDKEN Flash Lift.

18.     At all times material hereto, Defendants acted by and through its agents (actual, apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendants.

19.     This accident was caused solely from the negligence and carelessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

**COUNT I – NEGLIGENCE**
**ZEHOUR EL FERTAS v. HAIR CUTTERY, HC SALON HOLDINGS, INC., A/K/A**
**HAIR CUTTERY FAMILY BRANDS, REDKEN, L'OREAL USA, OLAPLEX, LLC,**
**JANE/JOHN DOE HAIR STYLIST #103, ABC, INC., #1-3,**
**XYZ, LLC, #1-3, XYZ, LLC #4-6**

20.    Plaintiff, Zehour El Fertas, hereby incorporates the preceding paragraphs as if same were set forth at length herein.

21.    The aforesaid accident was caused by the negligence and carelessness of Defendants, acting as aforesaid, which negligence and carelessness consisted of the following:

 (a) creating the hazardous and dangerous condition;
 (b) failing to promptly warn individuals of the hazardous and dangerous condition of the product(s);
 (c) allowing the said hazardous and dangerous condition to exist once created;
 (d) failure to follow the directions of use of the product(s);
 (e) failing to provide training regarding the use of the products;
 (f) failure to maintain the product in the conditions to which it needed to be stored;
 (g) failure to maintain a log of the product(s)' shelf life;
 (h) failing to design a safe product(s) for use on scalp/hair;
 (i) failing to manufacture a safe product for use on scalp/hair;
 (j) failing to warn of the dangers of the product(s) for use on scalp/hair;
 (k) breach of implied/express warranty;
 (l) otherwise acting in a manner that was negligent and careless at law and in fact all of which a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to Plaintiff herein;
 (g) violating applicable ordinances and statutes of the State of New Jersey, specifically, New Jersey Product Liability Act, N.J.S.A. 2A:58C and/or the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to 8-20, as well as such other statutes and case law governing the product(s); and
 (h) such other acts of negligence and carelessness as may be adduced through discovery or at trial.

22.    As the direct and proximate result of Defendants' negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints,

nerves and nervous system,  including, but not limited to: scalp, head, hair loss, skin irritation, internal injuries, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

23.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future

24.     As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

25.     As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

26.     As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

27.     As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for damages together with interest and cost of suit.

SCHATZ, STEINBERG, KLAYMAN

**By:**    *Sean Fulmer*
           _____
           SEAN M. FULMER, ESQUIRE
           Attorney for Plaintiff

Dated: <u>October 20, 2022</u>

## <u>CERTIFICATION PURSUANT TO R. 4:5-1</u>

Plaintiff by her attorney, hereby certifies that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceeding.  Plaintiff is not currently aware of any other party that should be joined in this action.

SCHATZ, STEINBERG, KLAYMAN

**By:**    *Sean Fulmer*
           _____
           SEAN M. FULMER, ESQUIRE
           Attorney for Plaintiff

Dated: <u>October 20, 2022</u>

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to R. 4:25-4, Plaintiff designate Sean M. Fulmer, Esquire, as trial counsel in this matter.

**SCHATZ, STEINBERG, KLAYMAN**

**By:** *Sean Fulmer*
_____
SEAN M. FULMER, ESQUIRE
Attorney for Plaintiff

Dated: <u>October 20, 2022</u>

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial as to all of the within issues.

**SCHATZ, STEINBERG, KLAYMAN**

**By:** *Sean Fulmer*
_____
SEAN M. FULMER, ESQUIRE
Attorney for Plaintiff

Dated: <u>October 20, 2022</u>

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-001104-22

**Case Caption:** EL FERTAS ZEHOUR  VS HAIR CUTTERY

**Case Initiation Date:** 10/20/2022

**Attorney Name:** SEAN MICHAEL FULMER

**Firm Name:** SCHATZ, STEINBERG & KLAYMAN

**Address:** 16000 COMMERCE PKWY STE B-1

MOUNT LAUREL NJ 08054

**Phone:** 6093365600

**Name of Party:** PLAINTIFF : El Fertas, Zehour

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Zehour El Fertas?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/20/2022

Dated

/s/ SEAN MICHAEL FULMER

Signed